IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| THOMAS A. CONLEY, | ) | Cause No. CV-08-19-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER AND FINDINGS AND |
| | ) | RECOMMENDATION OF UNITED STATES |
| MSP-WARDEN MIKE MAHONEY; | ) | MAGISTRATE JUDGE |
| UNIT MANAGER GREG BUDD; and | ) | |
| MENTAL HEALTH DEPT. OF MSP, | ) | |
| | ) | |
| Defendants. | ) | |

_____

This matter comes before the Court on Plaintiff's Motion to Proceed In Forma Pauperis (Document 1), his Complaint filed March 11, 2008 (Document 2), and his Motion to Appoint Counsel. (Document 3).

**I. MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff has submitted a declaration and an account statement which this Court deems sufficient for purposes of this case to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1) Plaintiff is required to pay the statutory filing fee for this action of $350.00.  Because

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE / PAGE 1

the Court does not know the current balance of Plaintiff's account, it will waive payment of an initial partial filing fee. However, Plaintiff will be obligated to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. By separate order, the Court will direct the agency having custody of Plaintiff to forward payments from Plaintiff's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.  STATEMENT OF THE CASE**

    **A.   Jurisdiction**

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 seeking to recover for alleged constitutional violations while incarcerated at the Montana State Prison. Accordingly, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

    **B.   Parties**

Plaintiff is a state prisoner incarcerated at the Montana State Prison in Deer Lodge, Montana.

The named Defendants are: Warden Mike Mahoney, Unit Manager Greg Budd and the Montana State Prison Mental Health Department.

    **C.  Procedural History**

Plaintiff filed his Complaint and Motion to Proceed In Forma Pauperis on March 11, 2008 in the Butte Division of this Court. The case was originally assigned case number CV-08-15-BU-SEH-RKS.

By separate Order, the Court transferred this matter to the Helena Division as the alleged wrong was said to have been committed in Deer Lodge, Montana which is located in the Helena Division of this Court. The case has now been assigned the case number of CV-08-19-H-DWM-RKS. All further filings in this matter must be done under this new case number.

### D. Plaintiff's Allegations

Plaintiff's alleges that on January 10, 2008 he was placed in a rubber cell at the prison with no clothing or bedding and remained there for 72 hours. He further contends that on January 15, 2008, he was again placed in the rubber cell for eight days. He alleges that for two and a half days he had no clothing or bedding of any type. He states that the rubber cell was extremely unsanitary and had a "Chinese toilet" which he describes as a hole in the floor which has to be flushed from the outside by staff. He explains that he had no running water, no toilet paper, no shower and no way to clean himself. He also alleges that he was only provided with three 8 ounce cups of water per shift. (Document 2, p. 4, ¶ IV(A)(1)).

Plaintiff alleges that the time he was in the rubber cell caused psychological and emotional distress, sleep deprivation and a cold due the coldness. He explains that he was unable to sleep in the cell, became delirious, dehydrated and had thoughts of suicide. He was humiliated and demeaned by having to use his

hand as a toilet article. (Document 2, p. 5, ¶ V).

He contends that Defendant Mahoney oversees any changes in behavior programs and he is the one who finally approved Plaintiff being stripped and placed in the padded cell. He alleges that Defendant Budd runs the Unit and approved Plaintiff's placement in the padded cell with no clothing or bedding. Finally, he alleges that Mental Health approves the immediate placement in the padded cell. (Document 2, pp. 4-5, ¶ IV(A)(2)).

### III. PRESCREENING

#### A. STANDARD

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, which impose a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that

may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide that the Court may dismiss the complaint before it is served upon the defendants if it finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 550 U.S. ___, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Additionally, "[a] document filed *pro se* is 'to be liberally

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE / PAGE 5

construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf*. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

   **B. Cruel and Unusual Punishment**

The Eighth Amendment protects persons who have been convicted of crimes from punishments that are both cruel and unusual. However, "[t]he Constitution 'does not mandate comfortable prisons.'" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Rhodes v. Chapman*,

452 U.S. 337, 349 (1981)).  Nor is the Eighth Amendment a mandate for federal courts to become involved in routine prison administration.  *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).

Prison officials are required to insure that inmates receive adequate food, clothing, shelter and medical care. *Farmer,* 511 U.S. at 832.  An inmate making an Eighth Amendment claim for constitutionally inadequate conditions of confinement must allege and prove an objective component and subjective component associated with the deficiency.  The objective component requires conditions sufficiently serious so as to "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes,* 452 U.S. at 347.  Alternatively, a condition must be sufficiently serious so as to constitute a substantial risk of serious harm. *Helling v. McKinney,* 509 U.S. 25, 33-35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).  The subjective component requires that a defendant prison official have a culpable state of mind, that he or she acts or fails to act with deliberate indifference to inmate health and safety.  *Wilson v. Seiter,* 501 U.S. 294, 297, 303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

Thus, to state a claim under the Eighth Amendment, the prisoner-plaintiff must show not only that prison officials were subjectively and actually indifferent to the plight he alleges, but also that the conditions themselves were objectively

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE / PAGE 7

sufficiently serious to acquire constitutional dimension; that is, the conditions "must result in the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834 (quoting *Rhodes*, 452 U.S. at 347).

Generally, only the most severe deprivations can support an Eighth Amendment claim. However, "[m]ore modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing." See *Johnson v. Lewis*, 217 F.3d 726, 732 (9th Cir. 2000). "To find an Eighth Amendment violation, courts must identify specific conditions that fail to meet Eighth Amendment requirements." *Hoptowit*, 682 F.2d at 1247; *see also id*. n.3. A "totality of circumstances" test is not to be applied. *Id*. at 1247.

Plaintiff's allegations that defendants deprived him of clothing, bedding, toilet paper, running water and the ability to shower for eight days in cold and unsanitary conditions are sufficient to state a claim. See *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Gates v. Collier*, 501 F.2d 1291 (5th Cir. 1974)(Eighth Amendment violated where naked prisoner was placed in small, unclean cell without light, hygienic material, bedding, or adequate food, and where prisoner was not allowed to wash himself); *McCray v. Burrell*, 516 F.2d 357, 366-69 (4th Cir. 1975) (prisoner placed naked in bare, concrete, "mental observation" cell with excrement-encrusted pit

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE / PAGE 8

toilet for 48 hours after he allegedly set fire to his cell; prisoner had no bedding, sink, washing facilities, or personal hygiene items, and he was not seen by a doctor until after he was released), *cert. denied,* 426 U.S. 471, 96 S.Ct. 2640, 48 L.Ed.2d 788 (1976); *LaReau v. MacDougall,* 473 F.2d 974, 978 (2nd Cir. 1972) (prisoner confined for five days in strip cell with only a pit toilet and without light, a sink, or other washing facilities), *cert. denied,* 414 U.S. 878, 94 S.Ct. 49, 38 L.Ed.2d 123 (1973); *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)(holding that complaint alleging that prisoner spent week and a half in cell without adequate heat, clothing, or bedding stated Eighth Amendment claim); *Kimbrough v. O'Neil*, 523 F.2d 1057, 1058-59 (7th Cir. 1975)(holding that complaint alleging that pretrial detainee spent 3 days in cell without toilet, water, mattress, bedding, soap, toilet paper, or towels stated a claim for unconstitutional conditions of confinement); *Chandler v. Baird,* 926 F.2d 1057, 1063, 1065 (11th Cir. 1991) (reversing summary judgment for defendants on prisoner's Eighth Amendment claim that he was housed in his underwear for 16 days in 60-degree cell without bedding, soap, toothbrush, toothpaste, or, for 2 days, water); *McCray v. Burrell,* 516 F.2d 357, 367, 369 (4th Cir. 1975) (holding that complaint alleging that prisoner spent 46 hours in cell without clothing, mattress, blanket, water, and any personal hygiene items stated violation of Eighth

Amendment); *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001)("Exposure to human waste, like few other conditions of confinement, evokes both the health concerns emphasized in *Farmer* and the more general standards of dignity embodied in the Eighth Amendment."); *cf. Anderson v. County of Kern,* 45 F.3d 1310, 1314 (9th Cir.), *amended,* 75 F.3d 448 (9th Cir.), *cert. denied,* 516 U.S. 916, 116 S.Ct. 306, 133 L.Ed.2d 210 (1995)(placement of violent and mentally disturbed inmates in safety cell that was dirty and smelly with a pit toilet for short duration (up to one day) did not violate the Eighth Amendment).

This claim will be served upon Defendants Mahoney and Budd.

**C.   Mental Health Department at Montana State Prison**

The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI; *see also Edelman v. Jordan*, 415 U.S. 651, 664, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974).  The United States Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993).  The

State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq.

The Mental Health Department at Montana State Prison is clearly an "arm of the state" and thus under the Eleventh Amendment it is not considered a "person" for purposes of Section 1983. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989). Thus, Plaintiff's federal constitutional claims against the Mental Health Department at Montana State Prison will be recommended for dismissal.

**IV.   MOTION FOR APPOINTMENT OF COUNSEL**

There is no constitutional right to appointed counsel in a claim under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). However, the court may appoint counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)) under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted) (§ 1983 action)); *see also Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 760 (7th Cir. 1988) (Bivens action).

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE / PAGE 11

Plaintiff contends that he is unable to afford counsel on his own, that the issues in the case are complex and exceed his knowledge, that he is confined to segregation and therefore has limited access to the law library and material, that he has very limited knowledge of the law and a limited education. (Document 3, p. 1).

Plaintiff's has demonstrated a sufficient ability to articulate his claims. Accordingly, Plaintiff's motion will be denied without prejudice.

**V. CONCLUSION**

The Mental Health Department of Montana State Prison will be recommended for dismissal as the State of Montana and its agencies are protected by the Eleventh Amendment of the United States Constitution. Defendants Mahoney and Budd shall file a response to Plaintiff's Complaint. The Court draws no conclusions about the truth of Plaintiff's allegations or about the strength of the evidence he might offer to corroborate them. The Court only finds that Plaintiff's Complaint has said enough to require a response from Defendants.

Based on the foregoing, the Court enters the following:

**ORDER**

Plaintiff's Motion to Proceed In Forma Pauperis (Document 1) is **GRANTED**. Plaintiff's Motion to Appoint Counsel (Document 3)

is **DENIED**

The Court also enters the following:

## RECOMMENDATION

All claims against Defendant Mental Health Department of the Montana State Prison should be **DISMISSED.**

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date this Findings and Recommendation is entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED TO KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS.  A FAILURE TO DO SO COULD RESULT IN THE DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE TO PLAINTIFF.**

DATED this <u>4th</u> day of April, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge